UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AUGUST STORCK KG and STORCK USA L.P.,

                        Plaintiffs,

                        - *against* -

STARK GROUP INTERNATIONAL INC. and STARK FOODS INC.,

                        Defendants.

Case No.: 17 Civ. 3696

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs August Storck KG ("August Storck") and Storck USA L.P. ("Storck US") (collectively, "Storck"), by and through their undersigned attorneys, complain and allege against defendants Stark Group International Inc. and Stark Foods Inc. (collectively, "Stark") as follows:

## NATURE OF THE ACTION

1. This is an action for an injunction, damages and other appropriate relief arising from Stark's acts of willful trademark infringement, unfair competition, and deceptive business practices under federal and state law. Stark is knowingly engaged in the unauthorized importation, distribution and/or sale of gray market versions of Storck confectionaries prepared exclusively for sale in foreign markets (the "Infringing Products"). These Infringing Products are materially different from those manufactured and intended for Storck's customers in the United States.

2. The Infringing Products differ from the Storck confectionaries authorized and intended for sale in the United States in numerous respects. For example, the foreign packaging of the Infringing Products: (i) is not printed in English; (ii) lacks allergy warnings; (iii) lacks Storck's quality guarantee; and (iv) does not contain Storck's U.S. contact information. Further,

1

the Infringing Product packaging has been altered by Stark to include an unauthorized label with unverified nutritional information purporting to be from August Storck.

3. By importing, distributing, altering and/or selling these gray market Infringing Products, Stark's acts cause, or are likely to cause, consumer confusion, mistake, and/or deception to the detriment of Storck and its consumers in the United States.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and 15 U.S.C. § 1121(a). This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367(a).

5. Upon information and belief, this Court has personal jurisdiction over Stark because it has its principal place of business in this District, transacts business within this District and has caused injury to Storck's interests within this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

7. Plaintiff August Storck KG is a German kommanditgesellschaft, with its principal place of business in Berlin, Germany.

8. Plaintiff Storck USA L.P. is a Delaware limited partnership, with its principal place of business in Chicago, Illinois.

9. Upon information and belief, defendant Stark Group International Inc. is a New York corporation, with its principal place of business at 200 Forest Drive, Suite 10 in Greenvale, New York, 11548.

10. Upon information and belief, defendant Stark Foods Inc. is a New York corporation, with its principal place of business at 250 Forest Drive in Greenvale, New York, 11548.

## FACTS

### Storck Products

11.  Storck is a leading family-owned and operated candy manufacturer. Since its founding in Germany in 1903 and for more than a century, Storck has sold its high-quality and much beloved confectionaries through its tightly controlled network of subsidiaries and authorized distribution channels. Today, Storck's brands are sold in more than 100 countries and enjoyed by customers all over the world.

12.  Storck's products intended for sale in the United States are distributed through its local subsidiary and exclusive United States distributor, Storck US ("Authorized Storck Products"). These products include Toffifay® (sold under the name Toffifee® in Europe), merci®, and Mamba®. August Storck also manufacturers certain products not available for importation, distribution, and sale to consumers in the United States, including nimm 2® (and its fruit gum variant, Lach Gummi).

13.  In 2017 alone, Storck's media spend will total more than $26 million in advertising in the U.S. to promote the Storck brand and Authorized Storck Products.

14.  Storck also spent millions of dollars and dedicated extensive R&D resources to redesign its Toffifay packaging, which it introduced in late 2016 and which differs significantly in color and appearance from the packaging for Toffifee, its non-U.S. counterpart.

15.  Products authorized by Storck are specifically formulated, packaged, distributed, and promoted to meet the consumer demands, customer preferences, and the regulations of each country in which they are sold. Depending upon the country in which the authorized products are sold, such products may feature, among other things, different ingredients, languages, marketing phrases, targeted promotional campaigns, and nutritional data.

16. For example, Authorized Storck Products are written in American English, with a notation that the product is distributed by August Storck's exclusive United States distributor, Storck US, thus, clearly signaling to American consumers that the product is intended to be sold in the United States. Authorized Storck Products manufactured for the United States also contain the well-known and familiar "Nutrition Facts" label information required by the FDA, which includes nutritional information expressed in metrics that American consumers have come to associate with products sold in the United States.

17. Authorized Storck Products also contain allergy warnings and information, as well as Storck's quality guarantee.

18. Storck also exercises extensive quality control with respect to its Authorized Storck Products. Although Storck has stringent quality control standards for all of its products, regardless of where they are sold, Storck has designed certain quality control measures specific to its Authorized Storck Products sold in the United States.

19. The packaging for the Authorized Storck Products contain batch code data that allows Storck to trace that product from manufacturing to the retail level in the event of customer or quality issues or concerns with that product.

20. In contrast, the UPC codes on the Infringing Products are not traceable in the U.S.

21. Storck ships the Authorized Storck Products from Germany in temperature controlled containers that are inspected upon receipt at the U.S. warehouse to ensure that the Authorized Storck Products were stored at specific temperatures of 55° to 65° Fahrenheit *en route* to the U.S.

22. Product that does not meet this strict criteria is rejected for sale in the U.S.

23. All warehouses that store Authorized Storck Products in the U.S. are specifically temperature and humidity controlled and monitored to maintain the integrity of the Authorized Storck Products.

24. Storck also manages its warehouse inventory as part of its quality control procedures with a FEFO (first expired, first out) policy and the maintenance of warehouse life requirements.

25. These policies ensure that Storck's customers receive the highest quality Authorized Storck Products.

**Storck's Trademarks**

26. In recognition of Storck's substantial investment, longstanding rights, and goodwill associated therewith, August Storck has secured numerous trademark registrations for its well-known company name and for many of its well-known Products (such trademarks include, but are not limited to, those described in ¶¶ 27 through 39 below; collectively, the "Storck Marks").

27. August Storck owns a federal trademark registration for the mark STORCK for "*candy, chocolate, pastries; candy, chocolate, pastries manufactured with wine and distilled spirits*" in International Class 30, which issued by the United States Patent and Trademark Office ("USPTO") on August 14, 2001 (U.S. Reg. No. 2,477,037). A copy of the registration is attached as Exhibit 1. The STORCK mark has been deemed to be incontestable by the USPTO, pursuant to 15 U.S.C. § 1065.

28. August Storck also owns a federal trademark registration for the STORCK mark for "*candy, chocolate, chocolates, chocolate confectionery*" in International Class 30, which issued by the USPTO on November 29, 2005 (U.S. Reg. No. 3,019,646). A copy of the registration is

attached as Exhibit 2. The STORCK mark has been deemed to be incontestable by the USPTO, pursuant to 15 U.S.C. § 1065.

29. August Storck also owns a federal trademark registration for the STORCK mark for "*candy*" in international Class 30, which issued by the USPTO on October 19, 1999 (U.S. Reg. No. 2,288,291). A copy of the registration is attached as Exhibit 3. The STORCK mark has been deemed to be incontestable by the USPTO, pursuant to 15 U.S.C. § 1065.

30. August Storck also owns a federal trademark registration for the mark TOFFIFAY for "*candy*" in International Class 30, which issued by the USPTO on February 21, 2012 (U.S. Reg. No. 4,102,419). A copy of the registration is attached as Exhibit 4. The TOFFIFAY mark has been deemed to be incontestable by the USPTO, pursuant to 15 U.S.C. § 1065.

31. August Storck also owns a federal trademark registration for the Toffifay mark for "*candy, [chocolate,] chocolate candies [and pastries]*" in International Class 30, which issued by the USPTO on March 23, 2004 (U.S. Reg. No. 2,826,061). A copy of the registration is attached as Exhibit 5. The Toffifay mark has been deemed to be incontestable by the USPTO, pursuant to 15 U.S.C. § 1065.

32. August Storck also owns a federal trademark registration for the mark TOFFIFEE for "*toffees*" in International Class 30, which was issued by the USPTO on August 7, 1973 (U.S.

6

Reg. No. 0,965,712). A copy of the registration is attached as Exhibit 6. The mark TOFFIFEE has been deemed to be incontestable by the USPTO, pursuant to 15 U.S.C. § 1065.

33. August Storck also owns a federal trademark registration for the mark ![Toffifee logo] for "*confectionery, namely, sweets; chocolate; chocolate products, namely, chocolate tablets, chocolates, chocolate candy, chocolate pralines, chocolate bars; pastries; preparations for making the aforementioned products, namely, cocoa powder, cake mixes, cookie mixes, pastry cream*" in International Class 30, which issued by the USPTO on December 10, 2013 (U.S. Reg. No. 4,445,753). A copy of the registration is attached as Exhibit 7.

34. August Storck also owns a federal registration for the trade dress comprising the design of its Toffifee/Toffifay candies, ![candy design], for "*chewing gum; chocolate; chocolate pralines; pastries; and liqueur filled chocolates*" in International Class 30, which issued by the USPTO on April 24, 1999 (U.S. Reg. No. 2,445,443). A copy of the registration is attached as Exhibit 8. The ![candy design] trade dress has been deemed to be incontestable by the USPTO, pursuant to 15 U.S.C. § 1065.

35. August Storck also owns a federal trademark registration for the mark MERCI for "*[candy,]chocolate and chocolates*" in International Class 30, which issued by the USPTO on February 15, 2000. (U.S. Reg. No. 2,318,584). A copy of the registration is attached as Exhibit 9. The mark MERCI has been deemed to be incontestable by the USPTO, pursuant to 15 U.S.C. § 1065.

7

36. August Storck also owns a federal trademark registration for the mark merci for "*[cocoa,] chocolate, and candies*" in International Class 30, which issued by the USPTO on February 15, 2000. (U.S. Reg. No. 0,843,319). A copy of the registration is attached as Exhibit 10. The mark merci has been deemed to be incontestable by the USPTO, pursuant to 15 U.S.C. § 1065.

37. August Storck also owns a federal trademark registration for the mark merci for "*confectionery; chocolate, chocolate products, namely, chocolate candy, chocolate pralines, chocolate bars, chocolate candy figures; pastries, preparations for making the aforementioned products, namely, cocoa powder, cake mixes, cookie mixes, pastry cream, mixes for making ice-cream, caramel based spread for pastries and chocolates, chocolate based spread for pastries and chocolates, coffee mixes, coffee spread for pastries and chocolates, coffee extracts, and marzipan*" in International Class 30, which issued by the USPTO on February 15, 2000. (U.S. Reg. No. 4,762,329). A copy of the registration is attached as Exhibit 11. The merci mark has been deemed to be incontestable by the USPTO, pursuant to 15 U.S.C. § 1065.

38. August Storck also owns a federal trademark registration for the mark MAMBA for "*candy fruit chews*" in International Class 30, which issued by the USPTO on May 27, 1997 (U.S. Reg. No. 2,064,487). A copy of the registration is attached as Exhibit 12. The mark MAMBA has been deemed to be incontestable by the USPTO, pursuant to 15 U.S.C. § 1065.

39. August Storck also owns a federal trademark registration for the mark NIMM 2 for "*sweatmeats*" in International Class 30, which issued by the USPTO on July 8, 2014 (U.S. Reg. No. 4,561,944). A copy of the registration is attached as Exhibit 13.

40. Purchasers rely on the these registered Storck Marks as a way to identify the source of Storck confectionaries.

41. As a result of Storck's emphasis on quality, significant advertising and promotional efforts, extensive sales of its Authorized Storck Products, and longstanding presence in the United States, the Storck Marks have garnered widespread recognition throughout the United States among retailers and consumers. As a result, the Storck Marks and the goodwill associated therewith are of considerable value to Storck.

### Stark's Wrongful Conduct

42. Stark is importing, distributing, and/or selling in the United States products intended for sale in foreign countries, without Storck's authorization (the "Infringing Products"). The Infringing Products are manufactured and sold outside of the United States, imported from outside of the United States, bear the Storck Marks, and are materially different from Authorized Storck Products manufactured for distribution and sale in the United States.

43. Stark's website advertises that "Stark Foods is both an importer & distributor of European specialty food products & beauty care items."

44. On that same website, Stark advertises and offers the Infringing Products for sale in its 2017 Product Catalog:





*See* https://view.publitas.com/stark/2017/page/160-161 (relevant pages attached as Exhibit 14).

45. The Infringing Products imported, distributed and/or sold by Stark are materially different from the Authorized Storck Products in that they do not contain allergy warnings or certain ingredient information for consumers.

10

46. The Infringing Products imported, distributed and/or sold by Stark are materially different from the Authorized Storck Products in that the Infringing Products do not comply with the FDA's labeling regulations or the labeling standards followed by Storck in the United States pursuant to those regulations.

47. The Infringing Products imported, distributed and/or sold by Stark are materially different from the Authorized Storck Products because, *inter alia,* they were not subject to Storck's authorized distribution methods. This impedes Storck's ability to properly exercise quality control over the Infringing Products in accordance with its regular business practices, including:

   a. precluding Storck from being able to track the Infringing Products;

   b. precluding customers from being able to contact Storck with complaints about particular Infringing Products;

   c. preventing Storck from monitoring the Infringing Products for proper shipment and storage conditions;

   d. preventing Storck from demanding that damaged, stale, improperly stored, or substandard quality products are immediately removed from retail shelves; and

   e. presenting a risk of general deterioration of the perishable Infringing Products due to the hazards and delay inherent in shipping the Infringing Products outside of the United States.

48. Stark has no knowledge of Storck's quality control procedures or requirements.

49. The Infringing Products lack the well-known "Nutrition Facts" label written in American English.

50. Instead, the Infringing Products contain different nutritional information depicted in a non-U.S. metric format, which is presented in various foreign languages intended solely for foreign consumers.

51. In some instances, Stark alters the Infringing Products' packaging by affixing an unauthorized "Nutrition Facts" label to the Infringing Products that purports to be approved or endorsed by Storck.

52. Representative photographs of Stark's unauthorized "Nutrition Facts" labels are shown below:





53. Storck did not review, approve, or affix the unauthorized "Nutrition Facts" labels.

54. Stark has no knowledge of the formulations used by Storck to manufacture the Infringing Products.

55. Stark's unauthorized "Nutrition Facts" labels contain inaccurate and misleading nutritional information, thereby increasing the likelihood that consumers will be deceived and misled.

56. Consumers have no way of verifying the accuracy of the nutritional information supplied by Stark.

57. In addition, the respective packaging of the Infringing Products is not printed in English, contains a non-U.S. website address for Storck, does not contain Storck US's contact information, may contain promotional information not available to U.S. customers, depicts expiration dates formatted for the European Union, and lacks protections for tracing the Infringing Products at each stage of the supply chain.

58. The material differences between the Infringing Products and genuine Storck Products infringe upon Storck's valuable intellectual property in the Storck Marks.

59. Upon information and belief, Stark was well aware of the fame and goodwill associated with the Storck Marks when it began to import, distribute, and/or sell the Infringing Products and therefore acted in bad faith.

60. Upon learning of Stark's unauthorized acts, Storck sent a letter demanding that Stark cease selling the Infringing products.

61. Stark ignored Storck's demand and continues to sell the Infringing Products in willful disregard of Storck's intellectual property rights.

62. Stark's unauthorized actions have caused, and are likely to further cause, confusion, mistake, and deception to the detriment of Storck, its retailers and customers. Specifically, Stark's use of the Storck Marks is likely to lead Storck's retailers and customers to

mistakenly conclude that the sale of the Infringing Products originates from, or is authorized and/or approved by Storck. Stark's unauthorized actions have also caused, and are likely to further cause, damage to Plaintiff's reputation and goodwill.

63. Due to Stark's wrongful acts, Storck has suffered and will continue to suffer substantial and irreparable injury, loss, and damage to its rights in and to the Storck Marks and thus seeks the following relief.

## FIRST CAUSE OF ACTION
### Federal Trademark Infringement (all Defendants)
### (15 U.S.C. § 1114)

64. Storck incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

65. August Storck is the owner of all right, title and interest in and to the Storck Marks.

66. Storck US is the exclusive U.S. licensee of the Storck Marks.

67. Upon information and belief, Stark, without authorization, has imported into the United States, distributed, and/or sold Infringing Products featuring the Storck Marks, which products are materially different from Products authorized by Storck for sale in the United States.

68. Upon information and belief, Stark had actual and constructive knowledge of August Storck's ownership and Storck's rights in the Storck Marks prior to infringing such marks.

69. Stark's use of the Storck Marks has caused, and is likely to cause, confusion, mistake, and/or deception as to the origin, sponsorship or approval of the Infringing Products in that consumers are likely to believe that Storck authorizes and controls the sale of Stark's gray

market Infringing Products, or that Stark is associated with or related to Storck, or authorized by Storck to sell Products in the United States.

70. Upon information and belief, as a result of that confusion, Stark's acts have injured or are likely to injure Storck's image and reputation with its customers.

71. Upon information and belief, Stark's sale of Infringing Products is a deliberate, intentional, and willful attempt to injure Storck's business reputation, and to interfere with Storck's business relations with its retail accounts.

72. Upon information and belief, Stark's acts have been committed deliberately and willfully, with knowledge of Storck's exclusive rights and goodwill in the Storck Marks, and of the infringing nature of the Storck Marks when used in connection with the Infringing Products, as well with bad faith and the intent to cause confusion, or to cause mistake and/or deceive.

73. Stark's intentional and willful infringement of the Storck Marks has caused damage and will continue to cause damage to Storck, and is causing substantial, immediate, and irreparable harm to Storck for which there is no adequate remedy at law. Unless enjoined, Stark will continue to infringe on the Storck Marks. Storck is thus entitled to preliminary and permanent injunctive relief.

## SECOND CAUSE OF ACTION
### Federal Unfair Competition/False Designation of Origin (all Defendants)
### (15 U.S.C. 1125(a))

74. Storck incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

75. Stark has used and continues to use the Storck Marks in connection with the Infringing Products, in commerce, in a manner that is likely to cause confusion, mistake, or deception as to the characteristics, qualities, sponsorship, affiliation, or approval of the Infringing Products.

76. Through its importation, alteration, distribution, offer and sale of Infringing Products, Stark has misrepresented and continues to misrepresent their nature, characteristics, and qualities.

77. Upon information and belief, Stark has intentionally and falsely designated the origin of the Infringing Products with the intention of deceiving and misleading the public at large, and of wrongfully trading on the reputation and goodwill of Storck and the Storck Marks.

78. Stark's actions have caused damage and, unless restrained, will continue to cause substantial, immediate, and irreparable damage to Storck, its business reputation, and its goodwill, for which there is no adequate remedy at law, and which will continue unless enjoined. Storck is thus entitled to temporary, preliminary, and permanent injunctive relief.

## THIRD CAUSE OF ACTION
### Deceptive Acts and Practices (all Defendants)
### (New York General Business Law § 349)

79. Storck incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

80. Stark's importation, alteration, distribution, offer and sale of the Infringing Products directly targets and deceives the consuming public into thinking that they are purchasing Authorized Storck Products suitable for sale in the United States. Such acts are consumer-oriented, and are harmful to the public and to Storck.

81. Stark's importation, alteration, distribution, offer and sale of the Infringing Products is materially misleading to consumers because the Infringing Products are materially different from Authorized Storck Products.

82. Stark's knowing, willful and intentional conduct has caused and is continuing to cause injury to the public and to Storck in violation of state law, including New York General Business Law § 349.

83. Stark's deceptive acts greatly and irreparably damage the public and Storck and will continue to do so unless restrained by this Court. Therefore, Storck is without an adequate remedy at law and is entitled to, among other things, an order enjoining and restraining Stark from selling the Infringing Products.

## FOURTH CAUSE OF ACTION
### Common Law Unfair Competition (all Defendants)

84. Storck incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

85. Stark's acts constitute an infringement of Storck's trademark rights in violation of common law, including the common law of the State of New York and elsewhere.

86. As a result of Stark's acts, Storck has suffered and, if Stark is not enjoined, will continue to suffer great and irreparable injury, loss, and damage to its rights in and to the Storck Marks, and to the goodwill associated therewith for which Storck has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, August Storck KG and Storck USA L.P. respectfully demand that judgment be entered granting the following relief:

A. Finding that Stark Group International Inc. and Stark Foods Inc. have willfully infringed the Storck Marks and engaged in acts of unfair competition through the use of the Storck Marks.

B. Granting an injunction preliminarily and permanently enjoining and restraining Stark Group International Inc. and Stark Foods Inc., and each of their officers, agents, employees, attorneys, successors or assigns, and all persons acting in concern or participation with them, from:

     i.     Importing into the United States, advertising, purporting to sell, distributing, and/or selling the Infringing Products, other altered versions of the Infringing Products, or any Products bearing the Storck Mark;

     ii.     Using any of the Storck Marks, or any marks which are confusingly similar thereto, on or in connection with any products or services;

     iii.     Infringing the Storck Marks;

     iv.     Making any statement or representation whatsoever, or using any false description, or performing any act, which can or is likely to lead the trade or public, or any individual member thereof, to believe that any products imported, distributed, and/or sold by Stark Group International Inc. and Stark Foods Inc. are in any manner associated or connected with August Storck KG, Storck USA L.P., or the Storck Marks, or are sold, manufactured, licensed, sponsored, or approved by August Storck KG or Storck USA L.P.; and

     v.     Assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above.

C.     Ordering Stark Group International Inc. and Stark Foods Inc. to deliver for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, marketing materials, catalogs, brochures, products and other materials in the possession of Stark Group International Inc. and Stark Foods Inc. bearing any marks which are confusingly similar to one or more of the Storck Marks or any colorable imitation thereof, including the Infringing Products and any other gray market product that is materially different from any product manufactured and/or sold by August Storck KG or Storck USA L.P., pursuant to 15 U.S.C. § 1118.

D.     Requiring Stark to provide an accounting of all profits resulting from Stark's infringing activities;

E.     Directing that Stark send a notice to any existing wholesale and/or retail customers to inform them that the importation, dealing in, sale, or distribution of the Infringing Products in the United States without Storck's consent is unlawful and that it has been enjoined by a U.S. District Court from doing so;

    F.    An award of actual damages in an amount to be determined at trial;

    G.    An award of treble damages, prejudgement interest and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117 and New York General Business Law § 349.

    H.    Granting such other and further relief as the Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs August Storck KG and Storck USA, L.P. demand a trial by jury on all issues so triable in this action.

Respectfully submitted,

Dated: New York, New York  
       June 19, 2017

BAKER & McKENZIE LLP

By:   /s/ Joshua S. Wolkoff  
      Joshua S. Wolkoff  
      452 Fifth Avenue  
      New York, New York 10018  
      Tel: (212) 626-4100  
      Joshua.Wolkoff@bakermckenzie.com

Kevin M. O'Brien  
(*pro hac vice motion to be filed*)  
815 Connecticut Avenue, N.W.  
Washington, D.C. 20006  
Tel: (202) 452-7000  
Kevin.O'Brien@bakermckenzie.com

Shima S. Roy  
(*pro hac vice motion to be filed*)  
300 East Randolph Street  
Chicago, IL 60601  
Tel: (312) 861-8000  
Shima.Roy@bakermckenzie.com

*Counsel for Plaintiffs August Storck KG and Storck USA L.P.*